IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BYRON GRIMM,** INDIVIDUALLY, AND AS ADMINISTRATOR TO THE **ESTATE OF KENNETH GRIMM,** DECEASED, <br><br> Plaintiff, <br><br> VS. <br><br> **GUADALUPE COUNTY, TEXAS;** AND **DEPUTY GARY COURTNEY,** INDIVIDUALLY <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO.: <br> 5:25-cv-1555-FB-RBF |

**DEFENDANT GUADALUPE COUNTY, TEXAS AND
DEPUTY GARY COURTNEY'S ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MICAELA ALVAREZ:

**NOW COMES GUADALUPE COUNTY** and **DEPUTY GARY COURTNEY**, Individually, Defendants in the above entitled and numbered cause and files this their Original Answer to Plaintiff's Original Complaint [Dkt. 1] heretofore filed and in support thereof would respectfully show unto the Court the following:

**I.
FIRST DEFENSE**

Plaintiff's Original Complaint fails to state a cause action against these Defendants upon which relief may be granted.

**II.
SECOND DEFENSE**

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** admit that this action purports to arise from alleged violations of Plaintiff's constitutional rights pursuant to 42

U.S.C. §1983 as alleged in Plaintiff's Original Complaint; however, Defendants deny that any cause of action exists there under.

### III.
### THIRD DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** can neither admit nor deny the historical facts contained in Paragraphs 12 through 16 of Plaintiff's Original Complaint.

### IV.
### FOURTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny Paragraphs 18 through 30 of Plaintiff's Original Complaint. Defendant Deputy Gary Courtney was dispatched to the scene due to a 9-1-1 call placed from a residence. The 9-1-1 caller from the residence stated that a male was attacking with a frying pan. Deputy Gary Courtney arrived at the residence at approximately 8:03 pm with his body worn camera activated. Deputy Gary Courtney encountered Plaintiff's Decedent in the back yard and commanded the individual to drop the frying pan. Plaintiff's Decedent dropped the frying pan, but then pulled a large butcher knife from his back belt area. Deputy Courtney gave five loud commands to drop the knife, but Plaintiff's Decedent continued advancing toward the deputy swinging the knife. Deputy Courtney was in imminent fear of death or serious bodily injury from Plaintiff's Decedent's actions both to himself as well as the female who was in front of the gate. Deputy Courtney fired two shots at the suspect. Deputy Courtney's time at the scene was 1 minute and 26 seconds prior to the shots being fired.

Defendant Deputy Gary Courtney would show unto the Court that at all times made the basis of Plaintiff's Complaint that he was acting pursuant to his discretionary duties as a Guadalupe County Deputy Sheriff, a peace officer of the State of Texas and acted at all

times in good faith and therefore is entitled to qualified immunity and good faith immunity. Deputy Gary Courtney asserts both prongs of the qualified immunity analysis. Deputy Courtney did not violate Plaintiff's constitutional rights and Deputy Courtney's actions were not objectively unreasonable based on established law.

## V.
## FIFTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny Paragraphs 31 and 32 of Plaintiff's Original Complaint. Defendants assert that the actions of Plaintiff's Decedent Kenneth Grimm were the sole proximate cause of the incident in question.

## VI.
## SIXTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny "*Claims*" Paragraphs 33 – 35 of Plaintiff's Original Complaint. Defendants deny they violated the Fourth or Fourteenth Amendments as alleged in Plaintiff's Complaint.

## VII.
## SEVENTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny Paragraphs 36 through 39 of Plaintiff's Original Complaint. Defendants deny Plaintiff's claims of excessive force under the Fourth and Fourteenth Amendments as alleged in Plaintiff's Original Complaint. Defendant Deputy Gary Courtney would show unto the Court that at the time he fired his weapon, that he was in imminent fear of death or serious bodily injury to both himself and the female present at the scene who were in close proximity to the knife wielding suspect. Defendant Deputy Courtney is entitled to the defense of qualified immunity, as a matter of law. ***Plumhoff v. Rickard***, 527 U.S. 527 U.S. 765, 778 (2014).

## VIII.
## EIGHTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny "*Municipal Liability*" Paragraphs 40 through 52 of Plaintiff's Original Complaint. Defendant Guadalupe County would show unto the Court that its deputies, including Deputy Courtney, are trained in accordance with the Texas Commission on Law Enforcement (TCOLE) and are certified by Texas Commission on Law Enforcement (TCOLE). Defendants assert unto the Court that Plaintiff's Decedent's own actions placed Deputy Courtney in imminent fear of death or serious bodily injury. Deputy Courtney's actions on the date of the incident in question did not constitute excessive force and were objectively reasonable, as a matter of law. ***Mullinex v. Luna***, 577 U.S. 7, 12 (2015).

## IX.
## NINTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny Plaintiff's claims under the "*Americans with Disabilities Act*" Paragraphs 53 – 56 of Plaintiff's Original Complaint. The Fifth Circuit has held that an officer's use of deadly force to restrain a plaintiff is not actionable under the American's with Disabilities Act, as a matter of law. ***Hainze v. Richards***, 207 F.3d 795, 802 (5th Cir. 2000).

## X.
## TENTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** deny Plaintiff's claims for *Damages*, Paragraphs 57 through 60 of Plaintiff's Original Complaint. Defendants deny that Plaintiff is entitled to any of the relief requested including attorney's fees under 42 U.S.C. § 1988, as a matter of law.

## XI.
## ELEVENTH DEFENSE

Defendants **CITY OF NEW BRAUNFELS** and the **CITY OF NEW BRAUNFELS POLICE DEPARTMENT** assert that if any of Plaintiff's claims can be inferred as State Tort Claims that said claims are barred under the Doctrine of Governmental immunity pursuant to the **TEXAS TORT CLAIMS ACT**, Chapter 101, §101.021, § 101.0215, § 101.023, § 101.024, §101.055, §101.056, § 101.057, and § 101.106 (e) and (f), as a matter of law.

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** further assert their defenses under the **TEXAS CIVIL PRACTICE & REMEDIES CODE**, Chapter 41, §41.0105, and Chapter 108, § 108.002, as a matter of law.

## XII.
## TWELFTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** assert that Deputy Courtney's actions as a law enforcement officer on the date in question were justified pursuant to the Texas Penal Code, Chapter 9, Section 9.51, as a matter of law. Defendant Guadalupe County asserts that at all times made the basis of Plaintiff's Complaint that its deputies were trained in accordance with Texas Commission on Law Enforcement (TCOLE) and therefore, Plaintiff's allegations of failure to train are without merit.

## XIII.
## THIRTEENTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** herein deny any allegations in Plaintiff's Original Complaint not specifically admitted herein and demand strict proof thereof as required by law.

## XIV.
## FOURTEENTH DEFENSE

Defendants **GUADALUPE COUNTY** and **DEPUTY COURTNEY** herein demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **GUADALUPE COUNTY** and **DEPUTY GARY COURTNEY** pray that Plaintiff's suit be dismissed against them, or in the alternative, that Plaintiff take nothing by his lawsuit against them, that the Defendants have Judgment herein, that Defendants be awarded their costs expended, including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877

BY:   /s/ Charles S. Frigerio
       CHARLES S. FRIGERIO
       SBN:  07477500
       Email: csf@frigeriolawfirm.com

       HECTOR X. SAENZ
       SBN:  17514850
       Email: hxs@frigeriolawfirm.com

       CHARLES A. FRIGERIO
       SBN: 24140090
       NMBN: 161626
       Email: Charlie@frigeriolawfirm.com
**ATTORNEYS FOR DEFENDANTS GUADALUPE COUNTY AND DEPUTY GARY COURTNEY**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of January, 2026, I electronically filed the foregoing Defendants Guadalupe County and Deputy Gary Courtney's Original Answer via CM/ECF which will electronically serve notice to the following:

Randall L. Kallinen                          Email: AttorneyKallinen@aol.com
Alexander C. Johnson                 Email: alex@acj.legal
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
ATTORNEYS FOR PLAINTIFF

                                                            /s/ Charles S. Frigerio
                                                            CHARLES S. FRIGERIO