IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BYRON GRIMM,** INDIVIDUALLY, AND AS ADMINISTRATOR TO THE **ESTATE OF KENNETH GRIMM,** DECEASED, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO.: 5:25-cv-1555-FB-RBF |
| **GUADALUPE COUNTY, TEXAS;** AND **DEPUTY GARY COURTNEY,** INDIVIDUALLY | § § § | |
| Defendants. | § § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

**1.   What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues?**

The basis for this Court's subject matter jurisdiction is federal question under 28 U.S.C. § 1331. Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights to be free from excessive force.

**2.   Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?**

All parties have been served and have appeared in this matter. There are no unserved parties.

**3.   What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**PLAINTIFF'S CAUSE OF ACTION:**

Plaintiff pleads a 42 U.S.C. Section 1983 claim against defendants which requires that the defendant violate a constitutional right under color of law. Plaintiff pleads an ADA claim against defendants which requires that the Plaintiff suffer from a disability and that because of the disability Plaintiff suffered a deprivation of his rights. No policy or custom is required to be proved again the County under the ADA for liability to attach.

**DEFENDANT'S DEFENSES:**

Defendant Guadalupe County asserts that it does not have a custom and policy of violating Plaintiff's rights as alleged in Plaintiff's Complaint. Defendant Guadalupe County asserts that Plaintiff has failed to state a ***Monell*** cause of action against it. Guadalupe County further asserts that Plaintiff has failed to state an Americans with Disabilities cause of action under the ADA against Guadalupe County.

Deputy Courtney asserts qualified immunity under prongs of the qualified immunity analysis . Deputy Courtney asserts that he did not violate Plaintiff's decedent's constitutional rights on the date of the incident in question. Defendant further asserts that his actions were not objectively unreasonable based on established law.

**COUNTERCLAIMS:**

None.

**4.     Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

**5.     State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

   **A.  Rule 26(f)(3)(A) - Initial Disclosures:**

   The parties do not believe any changes should be made in the timing, form, scope, or requirement for disclosures under Rule 26(a).

   **B.  Rule 26(f)(3)(B) - Discovery Plan:**

   Discovery will be needed regarding the alleged liability of Defendant Guadalupe County and Defendant Deputy Courtney. (See proposed Scheduling Order).

   **C.  Rule 26(f)(3)(C) - Electronically Stored Information:**

   The parties are unaware of any current issues about disclosing, discovering, or preserving electronically stored information. The parties anticipate that ESI will be produced through online sharing services.

   **D.  Rule 26(f)(3)(D) - Privilege Claims:**

   The parties are not currently aware of any issues regarding claims of privilege or protection as trial-preparation material.

    **E. Rule 26(f)(3)(E) - Discovery Limitations:**

The parties are not currently aware of any changes that should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

    **F. Rule 26(f)(3)(F) - Other Orders:**

The parties are not aware of any other orders the Court should issue at this time. The parties will request a protective order under the Local Rules of the Western District of Texas.

**6.     What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

None.

**7.     If a Rule 30(b)(6) deposition is anticipated, have the parties discussed potential topics for the deposition?**

Plaintiff will request a Rule 30(b)(6) deposition regarding policies and practices of the County on use of force, training, supervision, and equipment.

**8.     What, if any, discovery disputes exist or are anticipated?**

The parties are not aware of any specific discovery disputes at this time.

**9.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties discussed the desirability of filing such a proposed order but have chosen not to do so at this time.

**10.    Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?**

The parties have discussed mediation and agree that mediation should be considered once some discovery is completed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BYRON GRIMM,** INDIVIDUALLY, AND AS ADMINISTRATOR TO THE **ESTATE OF KENNETH GRIMM,** DECEASED, <br><br> Plaintiff, <br><br> VS. <br><br> **GUADALUPE COUNTY, TEXAS;** AND **DEPUTY GARY COURTNEY,** INDIVIDUALLY <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO.: <br> 5:25-cv-1555-FB-RBF |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case.

1. The parties asserting claims for relief may submit a written offer of settlement to opposing parties by **April 23, 2026**, and each opposing party may respond, in writing, by **May 7, 2026**.

2. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **July 16, 2026**.

3. All parties asserting claims for relief shall file their designation of testifying experts, and proposed exhibits, and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26 by **August 14, 2026**. Parties resisting claims for relief shall file their designation of testifying experts, and proposed exhibits, and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26 by **September 10, 2026**. All designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert.

4. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

5. The parties shall complete discovery on or before **January 8, 2027**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the

Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

6. The parties shall complete ADR in compliance with Rule CV-88 on or before a date to be determined by the Court (ADR proceedings must be completed not later than 60 days before the date of the trial setting).

7. All dispositive motions as defined in Local Rule CV-7 shall be filed no later than **February 11, 2027**. Dispositive motions and responses to dispositive motions shall be limited to 20 pages in length. Replies, if any, shall be limited to 10 pages in length in accordance with Local Rule CV-7.

8. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16 regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

9. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on **January 30, 2026**, and the parties have agreed as to its contents, subject to the request that discovery be stayed pending resolution of any Rule 12 motion asserting qualified immunity.

Respectfully submitted,

**KALLINEN LAW PLLC**


/s// Randall L. Kallinen
**RANDALL L. KALLINEN**, SBN: 00790995
Email: AttorneyKallinen@aol.com
Alexander C. Johnson, SBN: 24123583
Email: alex@acj.legal
Kallinen Law PLLC
511 Broadway Street
Houston, Texas 77012
***COUNSEL FOR PLAINTIFFS***



**LAW OFFICES OF CHARLES S. FRIGERIO**


/s//Charles S. Frigerio
**CHARLES S. FRIGERIO**
Texas State Bar No. 07477500
csf@frigeriolawfirm.com
111 Soledad, Suite 465
San Antonio, Texas 78205
Telephone: (210) 271-7877
Facsimile: (210) 271-0602
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of January, 2026, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and that a copy of said document was served upon all parties of record via electronic service.


/s//Charles S. Frigerio
Charles S. Frigerio